BLEDSOE *v.* STATE.

Opinion delivered December 4, 1897.

PERJURY—MATERIALITY OF TESTIMONY.—Defendant was indicted for perjury in having falsely sworn, on the trial of one charged with burglary of a certain company's storehouse, that he had, before the trial, examined a safe of said company, that a hole had been bored into said safe and plugged, and that this hole was half an inch in diameter. The alleged burglar, at the time of his arrest, had in his possession certain drills, three-eighths of an inch in diameter, and it was the state's theory that a hole in a safe of the company was made therewith at the time of the burglary. There was no proof that the safe which defendant examined had any connection with the alleged burglary. *Held* that the alleged false testimony was immaterial. (Page 475.)

Appeal from Clark Circuit Court.

RUFUS D. HEARN, Judge.

#### STATEMENT BY THE COURT.

The appellant, L. M. Bledsoe, was indicted by the grand jury of Clark county for the crime of perjury. The indictment, omitting the formal portions, charged in substance that in February, 1896, one Charles St. John was being tried in the Clark circuit court for the crime of burglary, committed by breaking into the storehouse of the Runyan Drug Company with the intent to steal, etc.; and upon said trial the defendant Bledsoe, after being duly sworn as a witness, did "unlawfully, falsely, maliciously, willfully, corruptly and feloniously depose, swear and give evidence in substance and to the following effect, to-wit: That the said L. M. Bledsoe did, a short time before said trial, examine the safe door of Runyan Drug Company at Amity, Clark county, Arkansas, which safe the said Charles St. John was charged with having broken at

the time he was charged with burglarizing the storehouse of said Runyan Drug Company, and that said safe door, at the time he examined it, showed that it had been bored and plugged, and that the hole that had been bored into it was one-half inch in diameter." It is further alleged that these statements were material to the issue then being tried, and that they were false; that in fact "the said Bledsoe did not examine the safe door of the Runyan Drug Company at any time, and that said safe door, at the time he stated he examined it, did not show that it had been bored and plugged."

Upon a trial the defendant was convicted, and judgment of confinement in the penitentiary rendered against him.

*J. E. Bradley*, for appellant.

The evidence does not show that appellant testified falsely to any fact. It is demanded of the state, in a prosecution for perjury, that they show the materiality of the alleged false statements. The evidence of the state is fatally deficient, because of the failure to introduce to the jury the record evidence of the proceeding in which the false swearing was alleged to have taken place. 2 Bish. Crim. Pro. (3 Ed.) § 933; 1 Greenleaf, Ev. § 86; 3 Greenleaf, Ev. § 197. On question of criminal intent, see 1 Bish. Crim. Law (6 Ed.), §§ 3208, 1048.

*E. B. Kinsworthy*, Attorney General, for the state.

RIDDICK, J., (after stating the facts.) The judgment of the circuit court must be reversed for want of evidence to sustain it. Appellant, Bledsoe, was charged with perjury, alleged to have been committed while testifying as a witness upon the trial of one St. John for the crime of burglary. St. John was charged with having broken and entered the storehouse of the Runyan Drug Company, with the felonious intent to take and carry away the goods of said company, etc. Now, it is alleged that appellant, Bledsoe, while testifying as a witness in said case, made false statements to the effect that he had examined the door of the safe belonging to said company and in reference to the condition of said door at the time of his examination. It was shown that Bledsoe did testify that he had examined the door of the safe, and that a hole had been

bored into said door and plugged, and that this hole was one-half inch in diameter. The only evidence tending to show that this evidence was material to the issue raised in the trial of St. John for having broken and entered the storehouse of said company is that it was proved by the witnesses of the state in that trial that at the time of his arrest St. John had in his possession certain drills or bits three-eighths of an inch in diameter. The theory of the state was that the hole in the safe was made with these drills or bits, and the testimony of Bledsoe tended to rebut and contradict this theory, for he testified that the hole was larger than the drills or bits. But it is not shown that the safe was in the storehouse, or that it was bored into and broken on the night of the burglary, or about that time. Some of the witnesses state that St. John was charged with having bored into the safe, but they do not connect this fact with the burglary of the store, for which he was on trial. So far as we can see from the evidence, the safe may have been bored into and broken open at another time and place. The fact that St. John was charged with having bored into a safe, and that drills were found upon him that did or did not fit the hole made in the safe, had no bearing upon his guilt or innocence of the charge of breaking and entering a storehouse, for which he was being tried, unless there be evidence connecting the boring of the safe with the entering of the storehouse. Until that be shown, the evidence concerning the safe is not shown to be material; for you cannot convict a man for one crime by showing that he is guilty of another and different crime.

Now, as safes are commonly kept in business houses, and as it looks unreasonable to believe that an inquiry concerning the examination and condition of the safe would have been made on the trial for the charge of burglary unless the two were connected, we may therefore suppose that the safe was in the storehouse, and was bored into on the night the burglary was committed; but this is a supposition that, so far as the transcript shows, has no evidence to support it, and cannot be permitted to support a judgment in a criminal case. As it is not shown that the testimony of Bledsoe concerning the safe was material upon the trial of St. John, the judgment of conviction must be reversed, and a new trial ordered.