REIDHAR v. STATE.

Opinion delivered June 15, 1908.

PERJURY—MATERIALITY OF TESTIMONY.—Where, in replevin by a mortgagee to recover mortgaged chattels from the mortgagor, the defense was that the debt had been paid, false testimony of the mortgagor that he never signed the mortgage, not tending to prove a material issue in the case, did not constitute perjury.

Appeal from Arkansas Circuit Court; *Frederick D. Fulkerson,* Judge on Exchange of Circuits; reversed.

*J. M. Brice,* for appellant.

The evidence is not sufficient to sustain the verdict. The question as to whether or not appellant had executed the mortgage was asked on cross-examination, and was at the time objected to because the legality of the mortgage was not questioned, and it was immaterial. The materiality of the testimony on which perjury is assigned is a question of law for the court, where there is no dispute about the facts sworn to, and not for the jury to pass upon. 32 Ark. 198; 75 S. W. 116.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

The question as to whether or not appellant had executed the mortgage was at all times material, and the fact that his denial was brought out on cross examination does not lessen the materiality of the testimony.

HART, J. Appellant was indicted at the April term, 1907, of the Arkansas Circuit Court for perjury. He was tried at the November term, 1907, convicted and sentenced to one year's imprisonment. The case is here on appeal.

The indictment charges that on the 24th day of August, 1906, there was pending before J. M. Roscoe, a justice of the peace for Arkansas County, a replevin suit, wherein H. B. Dudley, as surviving partner of Baker & Dudley, sought to recover possession of certain personal property embraced in a mortgage alleged to have been executed by appellant in favor of said firm. That during the trial of said cause it became a material inquiry to ascertain whether or not the appellant had signed his name to said mortgage, or had authorized J. W.

Allen to affix his signature thereto, and that appellant willingly, corruptly and feloniously testified that he had not affixed his signature to said mortgage, and that he had not authorized J. W. Allen to sign his name thereto.

Upon the trial under indictment appellant denied that he had questioned the execution of the mortgage, and contended that his counsel had admitted its validity in the trial in the justice court, and that his defense to the replevin suit had been payment and death of the cattle embraced in the mortgage.

The only question raised by the appeal is the sufficiency of the evidence to support the verdict.

The signature to the mortgage in question appears to have been made by mark, and J. W. Allen was the witness thereto. Roscoe, the justice of the peace before whom the replevin suit was tried, testified that one of the defenses of appellant to that suit was that he never signed the mortgage, but the undisputed evidence is to the effect that he abandoned this defense before any testimony was taken.

The plaintiffs in the suit introduced in evidence the mortgage without objection on the part of appellant. The defendant made his defense without denying the validity of the mortgage. He based his defense on the alleged fact of payment, and that the cattle had died since the execution of the mortgage. He was the last witness to testify in the case, and it was upon cross examination that he testified that he had not signed the mortgage. He objected to testifying about that, and only did so upon being compelled by the court.

Whatever may have been the original intention of appellant, it is evident that, before the evidence had commenced to be taken, he had abandoned his defense of not having executed the mortgage. This is reasonable; for it was inconsistent with his other defenses. Therefore, the fact of the signing of the mortgage by appellant was not a material issue in the trial of the replevin suit, and for this reason the appellant is not guilty of perjury. *Bledsoe* v. *State,* 64 Ark. 474.

Reversed and remanded.